JING HUI JIANG, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–5215–ag.

United States Court of Appeals, Second Circuit.

Sept. 27, 2007.

Farah Loftus, Los Angeles, CA, for Petitioner.

John L. Brownlee, United States Attorney for the Western District of Virginia, Jennie M. Waering, Assistant United States Attorney, Roanoke, VA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Jing Hui Jiang, a citizen of the People's Republic of China, seeks review of an October 19, 2006 order of the BIA affirming the April 20, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Jiang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Hui Jiang,* No. A96 039 125 (B.I.A. Oct. 19, 2006), *aff'g* No. A96 039 125 (Immig. Ct. N.Y. City Apr. 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The IJ denied relief based on an adverse credibility determination. While the BIA did not agree with each of the IJ's findings, it is unclear from the order which findings the BIA rejected. Therefore, we review both the IJ's and BIA's decisions, limiting our review of the IJ's decision to those findings explicitly adopted by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 304–05 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

The agency's denial of Jiang's asylum application on the basis of an adverse credibility finding is supported by substantial evidence. The BIA reasonably relied on a discrepancy between the abortion certificate and the IUD booklet regarding whether Jiang's wife had in fact undergone an abortion. The abortion certificate indicates the alleged abortion took place on

May 12, 1997; but the IUD booklet, which documented Jiang's wife's required gynecological visits, reflects no such procedure. As of the date of the alleged abortion, the booklet records "no pregnancy." Because the alleged abortion is the central element of Jiang's family planning policy claim, the discrepancy in the evidence regarding the matter is substantial when measured against the record as a whole. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). Moreover, because this discrepancy was dramatic, it was not necessary that Jiang be given the opportunity to explain during the hearing. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005).

Furthermore, the IJ found (and the BIA agreed) that Jiang failed to establish that he was in violation of the family planning policy, because there was no documentary evidence establishing that he was the father of two children. Since Jiang's claim was premised partly upon the birth of his son, it was reasonable for the IJ and BIA to conclude that Jiang could not rehabilitate his credibility in the absence of evidence that he violated the family planning policy by having more children than was allowed. *See Zhou Yun Zhang*, 386 F.3d at 78.

Because the only evidence of a threat to Jiang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).